UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mark Blasko,

   et al.,

      Plaintiffs,

v.

Case No. 2:08-cv-01105
Judge Michael H. Watson

Petland, Inc.,

   et al.,

      Defendants.

## OPINION AND ORDER

This case concerns a pet store franchise. Plaintiffs bring this action under Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). Plaintiffs also assert state law claims for violation of Ohio's statutory antitrust laws, fraud, breach of contract, breach of implied contract, negligent misrepresentation, and breach of implied and express warranties.

This matter is before the Court on defendant Petland Inc.'s ("Petland") motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 12). Also before the Court is the motion to dismiss (Doc. 11) filed by defendants Hunte Kennel Systems & Animal Care, Inc. and Hunte Delivery System, Inc. (collectively, "Hunte"). For the following reasons, the Court grants defendants' motions to dismiss in part and denies them in part.

The Court will first address Petland's motion to dismiss, in which Hunte joins.

The facts and claims in this case are substantially similar to those of a related case, *Lucina S. Arnold, et al. v. Petland, Inc., et al.*, 2:08-cv-01307. Petland's motion to dismiss in the instant case is virtually identical to its motion to dismiss filed in the *Arnold* case. Here, as in *Arnold*, Petland seeks dismissal of plaintiffs' antitrust and RICO claims. On

March 26, 2009, the Court issued a decision in *Arnold* granting in part and denying in part Petland's motion to dismiss. (2:07-cv-01105, Doc. 34). In essence, the Court dismissed the plaintiffs' antitrust claims but declined to dismiss the plaintiffs' RICO claim. *Id.* The Court will apply that ruling to the instant case, and dismiss plaintiffs' antitrust claims but not plaintiffs' RICO claim.

In its separate motion, Hunte moves to dismiss for failure to state a claim in Count X for alleged violation of implied and/or express warranties. Hunte advances two arguments for dismissal. First, Hunte asserts Count X should be dismissed because plaintiffs fail to allege that they had a contractual relationship with Hunte. Second, Hunte maintains that Count X fails to adequately plead a basis for punitive damages.

In support of its first argument, Hunte relies on *Norcold, Inc. v. Gateway Supply Co.*, 154 Ohio App. 3d 594, 607-08 (2003). *Norcold*, however, involved common law claims for breach of express and implied warranties *in the absence of privity*. *See id.* Here, in contrast, plaintiffs allege that they purchased puppies from Hunte. (Compl. (Doc. 2) ¶¶ 35, 120). Thus, Count X pertains to the sale of goods, and is therefore governed by Ohio's Uniform Commercial Code. The sale of goods implies privity of contract. Consequently, *Norcold* is inapposite. The Court therefore denies Hunte's motion to dismiss all of Count X for failure to state a claim.

Hunte also seeks dismissal of the punitive damages portion of Count X. As Hunte suggests, Ohio generally does not recognize an award of punitive damages for breach of contract. *Ketcham v. Miller*, 104 Ohio St. 3d 372 (1922) (syllabus ¶ 2). Nonetheless,

> if the facts of the case show an intentional tort committed independently, but in connection with, a breach of contract and such tort is accompanied by conduct which is wanton, reckless, malicious or oppressive, then punitive damages may be awarded. *R & H Trucking v. Occidental Fire & Cas. Co.* (1981), 2 Ohio App.3d 269, 272, 2 OBR 298, 301, 441 N.E.2d 816, 819; *Saberton v. Greenwald* (1946), 146 Ohio St. 414, 32 O.O. 454, 66 N.E.2d 224, paragraph two of the syllabus.

*Hofner v. Davis*, 111 Ohio App.3d 255, 259 (1996). Here, however, plaintiffs have not fairly

pleaded an independent intentional tort against Hunte. Accordingly, the Court will dismiss the punitive damages component of Count X.

For the above reasons, the Court **GRANTS** defendants' motions to dismiss in part and **DENIES** them in part. The Court dismisses plaintiffs' antitrust claims with prejudice. The Court also dismisses the punitive damages component of Count X against Hunte. All other claims remain pending.

The Clerk shall remove Docs. 11 and 12 from the Court's Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
United States District Court